[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' motion for summary judgment (#260) is denied. The statements relied on by the plaintiff in the letter to lenders and the press release could reasonably be interpreted as charging the plaintiff with lack of skill in his profession or business. "[L]ibel is actionable per se if it charges improper conduct or lack of skill or integrity in one's profession or business. . . ." (Internal quotation marks omitted.) Miles v.Perry, 11 Conn. App. 584, 601, 529 A.2d 199 (1987). Therefore, it is for the jury to decide whether these statements were in fact so understood. 3 Restatement (Second), Torts §§ 614 and 615 (1977). CT Page 7471
In like manner, the statement by the defendants' spokesman, referred to in paragraph 43 of the amended complaint, could reasonably be interpreted as charging the plaintiff with lack of skill in his business or profession. "Slander is actionable per se if it charges incompetence or dishonesty in office, or charges a professional person with general incompetence." Miles v. Perry,
supra, 11 Conn. App. 602.
Finally, a claim for false light invasion of privacy is an alternative or additional remedy to an action for libel or slander, and the plaintiff can proceed upon either theory, or both. 3 Restatement (Second), Torts § 652E, comment (b) (1977).
Accordingly, a genuine issue of material fact exists as to whether the alleged statements, which were capable of a defamatory meaning, were so understood. Therefore, the defendants' motion for summary judgment as to the third, fourth, fifth, sixth, seventh and eighth counts of the plaintiff's amended complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of July 1997.
WILLIAM BURKE LEWIS, JUDGE